**UNITED STATES of America**

v.

**Michael L. DAVIS, Defendant.**

**Crim. A. No. 89–0172–02 (JHG).**

United States District Court,
District of Columbia.

Jan. 28, 1991.

Asst. U.S. Attys., Rhonda C. Fields and Thomas J. Motley, Washington, D.C., for U.S.

Frederick J. Sullivan, Bowie, Md., for defendant.

ORDER

JOYCE HENS GREEN, District Judge.

On December 14, 1990, Michael L. Davis was acquitted of a federal bribery charge.[1] The jury was unable to reach unanimity on the other count and a mistrial was therefore declared. The defendant has moved to dismiss the remaining local count in the indictment (Count One) on the ground that the Court should not exercise its discretion to retain jurisdiction over this count now that the federal charge no longer exists. The Government urges the Court to retain jurisdiction and retry this defendant in this Court on the local charge. For the following reasons, defendant's motion is granted.

A district court has "a measure of discretion" to retain jurisdiction over local charges after the federal claims have been removed from a case.[2] *United States v. Koritko*, 870 F.2d 738, 740 (D.C.Cir.1989); *see United States v. Kember*, 685 F.2d 451, 454 (D.C.Cir.), *cert. denied*, 459 U.S. 832, 103 S.Ct. 73, 74 L.Ed.2d 72 (1982) (*Kember II*); *United States v. Smith*, 729 F.Supp. 1380, 1386 (D.D.C.1990). While Congress conferred this power on the district court, it "is a matter of sound exercise of the court's discretion." *United States v. Kember*, 648 F.2d 1354, 1360 (D.C.Cir.1980) (*Kember I*). Moreover, this discretion is not absolute. To retain jurisdiction over local charges in such circumstances, the district court must consider several factors, the most important of which is "that retention of the case is warranted by remaining matters of legitimate federal concern." *Kember II*, 685 F.2d at 454.

In this circuit, three cases have addressed the issue of what constitutes a "matter of legitimate federal concern." In *Kember II*, the D.C. Circuit held that the

---

1. His co-defendant, Dr. Gladys Baxley, was acquitted on all counts of the indictment applicable to her. *See* Order, January 8, 1991.

2. This limited discretion arises only if the federal and local offenses have been properly joined under Rule 8(a) of the Federal Rules of Criminal Procedure. *See, e.g., United States v. Koritko*, 870 F.2d 738, 739 (D.C.Cir.1989) (proper joinder is a "necessary prerequisite").

district court did not abuse its discretion in retaining jurisdiction over local burglary charges after an extradition agreement removed the federal claim from the case. The facts of *Kember II*, however, clearly indicate a matter "of unique concern to the United States." *Kember I*, 648 F.2d at 1359. The government had charged the defendants with burglarizing federal office buildings to steal documents, including litigation files from United States attorneys. The defendants attempted "to get every shred of evidence that the United States government" had on them. *Kember II*, 685 F.2d at 453. The trial court did not abuse its discretion in retaining the case principally because "[m]atters of unique federal concern remained *dominant* in the case." *Id.* at 455 (emphasis added).

In another case, *United States v. Smith*, 729 F.Supp. 1380 (D.D.C.1990), District Judge Hogan held that there was no basis "for finding that matters of 'legitimate federal concern' remain[ed]," *id.* at 1386–87, when the federal claim disappeared from the case leaving only local tampering with evidence and theft charges. In that case, the government had charged the defendant, a District of Columbia police officer, with retention of illegal narcotics confiscated from a drug dealer in a "sting" operation.

In the instant case, defendant Davis, for the majority of the relevant time, was an employee of the District of Columbia Department of Human Resources. He was charged with conspiring to defraud the District of Columbia in violation of Section 22–105a of the D.C.Code. This purely local charge contains no matter of legitimate federal concern. Indeed, it is of unique concern to the government of the District of Columbia. It involves a local crime allegedly committed by a local government employee working for a local government agency. There is no substantial federal nexus as in the *Kember* cases. The fact that this claim was properly joined to a federal charge is not enough to make it a matter of legitimate federal concern once

the federal charge no longer exists and the other important considerations are unavailing.

The government, relying on *Kember II*, urges the court to allow Davis' retrial in this Court on the additional ground that it would preserve judicial resources. The government argues that dismissal of the local count, requiring a new indictment in the Superior Court of the District of Columbia and trial in that forum, would not promote judicial economy because of the substantial time this Court has already invested in the case. The government's reliance on *Kember II*, however, is incomplete. It ignores important distinguishing facts: in *Kember II*, dismissal would have required new extradition proceedings, 685 F.2d at 455, because the defendants had been brought from England for trial, *id.* at 452. Although in the instant case the Office of the United States Attorney (which serves as the prosecutor in both the local and the federal courts of this jurisdiction) would suffer an inconvenience because of the need for a new indictment, this inconvenience hardly rises to the level of that in *Kember II* and, in any event, is not sufficient to convince this Court to exercise its discretion in the absence of any federal nexus.

While it appears that this federal court has jurisdiction to retry this case, it is ultimately unnecessary to reach this issue because the Court declines to exercise the discretion it has in this regard. *See Smith*, 729 F.Supp. at 1386. Retention of this case "would not comport with '[t]he responsibilities of the District Court with respect to matters of federal concern.'" *Kember I*, 648 F.2d at 1360 (quoting *United States v. Jackson*, 562 F.2d 789, 800 (D.C.Cir.1977)).

In sum, under the circumstances of this case, the local charge of conspiracy is not a matter of legitimate federal concern, the federal charge was extinguished from the case by the jury's acquittal in the prior trial,[3] and the government's argument re-

---

**3.** "The Court's reasoning in *Kember I* suggests that it is immaterial how the federal charge 'fades,' and that the term may encompass 'any disposition of the federal offense.'" *Smith*, 729 F.Supp. at 1386.

garding judicial economy is neither decisive nor persuasive.

Accordingly, it is hereby

ORDERED that Count One of the indictment against Michael L. Davis be and hereby is dismissed without prejudice to bring the appropriate charge in the Superior Court of the District of Columbia.